to show that the conditions of his supervised probation were any more restrictive than the house arrest in *Bates.* Accordingly, he was not entitled to receive credit under Section 558.031.

■ We note further that Section 559.100, referred to in the third exception of Section 558.031.1, bars Dworaczyk's claim against MDOC for probation time credit. It states in part that the *"circuit court* may, in its discretion, credit any period of probation or parole as time served on a sentence." § 559.100.2. Under this section, the MDOC had no authority to grant relief because only the sentencing court could award credit against a prison sentence for time spent on probation. *Donaldson v. Crawford,* 230 S.W.3d 340, 343 (Mo.banc 2007). MDOC was, therefore, entitled to judgment on the pleadings because Dworaczyk's petition failed to state a proper claim as a matter of law.

We affirm the circuit court's judgment.

All concur.

Matthew Ward, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cory Lee Atkins, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before ROY L. RICHTER, P.J., CLIFFORD H. AHRENS, J. and GLENN A. NORTON, J.

### *ORDER*

PER CURIAM.

John Nenninger appeals the judgment entered upon a jury verdict convicting him of forgery. We find that there was sufficient evidence from which a reasonable juror could have found the Appellant guilty beyond a reasonable doubt. An extended opinion would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our decision. We affirm the judgment under Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**John NENNINGER, Appellant.**

**No. ED 89856.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 2008.

■

**STATE of Missouri, Respondent,**

v.

**Jason R. JARVIS, Appellant.**

**No. ED 89631.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 22, 2008.

as to require credit against a sentence under

§ 558.031.)